*CHARLES J. BUDDEKE v. STATE OF OHIO.

CONVERSION OF COLLATERAL STOCK SHARES BY BROKER NOT EMBEZZLEMENT.

Where a broker holds as collateral shares of stock belonging to a client, the relation between them is not that of principal and agent, but of debtor and creditor, and the conversion of the stock by the broker to his own use does not constitute embezzlement within the meaning of Sec. 6842 Rev. Stat.

**L. J. Dolle, Ulric Sloane** and **J. B. O'Donnell,** for plaintiff in error:

A pledgee is not a person described in the statute as one who may commit embezzlement. Mechem, Agency Sec. 936; Jones, Pledges Sec. 496; *Hennequin* v. *Clews,* 111 U. S. 676 [4 Sup. Ct. Rep. 576; 28 L. Ed. 565]; *Hennequin* v. *Clews.* 77 N. Y. 427 [33 Am. Rep. 641]; *Tindle* v. *Birkett,* 205 U. S. 183 [27 Sup. Ct. Rep. 493; 51 L. Ed. 762]; *Crawford* v. *Burke,* 195 U. S. 176 [25 Sup. Ct. Rep. 9; 49 L. Ed. 147]; *Palmer* v. *Hussey,* 119 U. S. 96 [7 Sup. Ct. Rep. 158; 30 L. Ed. 362];

*Affirmed, no op., *State* v. *Buddeke,* 55 Bull. 352; 83 O. S. 000.

*Upshur* v. *Briscoe*, 138 U. S. 365 [11 Sup. Ct. Rep. 313; 34 L. Ed. 931];
*Gaylord, In re,* 113 Fed. Rep. 131; *Wenmam, In re,* 153 Fed. Rep. 910;
*Barrett* v. *Prince,* 143 Fed. Rep. 302 [74 C. C. A. 440]; *Orebaugh* v.
*State,* 31 O. C. C. 388 (11 N. S. 603); *Campbell* v. *State,* 35 Ohio St.
70.

Depositing of stock as a pledge amounts in law to a *mutuum* and
does not require the return of the exact stock. 1 Dos Passos, Stock
Brokers 194, 250; 22 Am. & Eng. Enc. 874; *Richardson* v. *Shaw,* 209 U.
S. 365 [28 Sup. Ct. Rep. 512; 52 L. Ed. 835]; *Chase* v. *Washburn,* 1
Ohio St. 244 [59 Am. Dec. 623]; *Exchange Bank* v. *Hines,* 3 Ohio
St. 1; *Fosdick* v. *Greene,* 27 Ohio St. 484 [22 Am. Rep. 328]; *Lawrence*
v. *Maxwell,* 58 Barb. (N. Y.) 511, affirmed, *Lawrence* v. *Maxwell,* 53
N. Y. 19.

The felonious intent must have been concomitant with the act of
conversion, and that if the defendant did not use the money or property
without intending to deprive his principal of it, but was prevented
by his failure in business from returning it, he should be acquitted.
May, Crim. Law 285, Sec. 304; *People* v. *Hurst,* 62 Mich. 276 [28 N.
W. Rep. 838]; *People* v. *Wadsworth,* 63 Mich. 500 [30 N. W. Rep.
99]; *Myers* v. *State,* 2 Circ. Dec. 712 (4 R. 570); *Richardson* v. *Shaw,*
209 U. S. 365 [28 Sup. Ct. Rep. 512; 52 L. Ed. 835].

The first count of the indictment did not charge a crime. *Neiler*
v. *Kelley,* 69 Pa. St. 403; *Jones* v. *Davis,* 35 Ohio St. 474; *Bradley* v.
*Bauder,* 35 Ohio St. 28 [38 Am. Rep. 547]; *Fisher* v. *Bank,* 71 Mass.
(5 Gray) 373; Cook, Stockbrokers (2 ed.) 583, Sec. 464; *Cates* v. *Bax-
ter,* 97 Tenn. 443 [37 S. W. Rep. 219]; *McClung* v. *Colwell,* 107 Tenn.
592 [64 S. W. Rep. 890; 89 Am. St. Rep. 961]; *People* v. *New York*
(*Tax Comrs.*) 23 N. Y. 192; *Skowhegan Bank* v. *Cutler,* 52 Me. 509;
*Arnold* v. *Ruggles,* 1 R. I. 165; *Donnell* v. *Wyckoff,* 49 N. J. Law 48 [7
Atl. Rep. 672].

**Henry Hunt,** Pros. Atty., **Coleman Avery,** for defendant in error:
Election between the counts of the indictment. *State* v. *Hensley,*
75 Ohio St. 255 [79 N. E. Rep. 462; 9 L. R. A. (N. S.) 277; 116 Am.
St. Rep. 734]; *State* v. *Bailey,* 50 Ohio St. 636 [36 N. E. Rep. 233];
*Bailey* v. *State,* 4 Ohio St. 440; *Whiting* v. *State,* 48 Ohio St. 220 [27
N. E. Rep. 96]; *Searles* v. *State,* 3 Circ. Dec. 478 (6 R. 331); *Hotelling*
v. *State,* 2 Circ. Dec. 366 (3 R. 630); Beale, Crim. Pl. & Prac. Sec. 302.

Indictment states facts which constitute the crime of embezzlement.
*Johns* v. *Johns,* 1 Ohio St. 350; *Ball & Am. Exch. Bank* v. *Manufactur-
ing Co.* 67 Ohio St. 306 [65 N. E. Rep. 1015; 93 Am. St. Rep. 682]; *Peo-*

Buddeke v. State.

*ple* v. *Williams,* 60 Cal. 1; 2 Cook, Corporations (6 ed.) 1584, Sec. 576;
*Payne* v. *Elliot,* 54 Cal. 339 [35 Am. Rep. 80]; *McAllister* v. *Kuhn,* 96
U. S. 89 [24 L. Ed. 615]; *Calkins* v. *State,* 18 Ohio St. 366 [98 Am.
Dec. 121].

Broker is an "agent" within the meaning of the statute defining
embezzlement. *Norfolk & W. Ry.* v. *Cottrell,* 83 Va. 512 [3 S. E. Rep.
123]; *Porter* v. *Hermann,* 8 Cal. 619; *People* v. *Karste,* 132 Mich. 455
[93 N. W. Rep. 1081]; *Reg* v. *Christian,* L. R. 2 C. C. 94; *Common-
wealth* v. *Cooper,* 130 Mass. 285; 2 Dos Passos, Stock Brokers 219, 258,
260, 777, 783, 804; *State* v. *Cunningham,* 154 Mo. 161 [55 S. W. Rep.
282]; *White* v. *Brownell,* 3 Abb. Prac. N. S. 318; *Galigher* v. *Jones,*
129 U. S. 193 [9 Sup. Ct. Rep. 335; 32 L. Ed. 658]; *Taussig* v. *Hart,*
58 N. Y. 425; Mechem, Agency Sec. 13, 936, 952, 955; 15 Cyc. 498;
*Wynegar* v. *State,* 157 Ind. 577 [62 N. E. Rep. 38]; *State* v. *Smith,*
57 Kan. 657 [47 Pac. Rep. 535].

The fact that plaintiff may have had an interest in the property,
the shares of gas stock, does not prevent a conversion thereof from
being embezzlement. *Campbell* v. *State,* 35 Ohio St. 70; *People* v.
*Birnbaum,* 114 App. Div. 890 [100 N. Y. Supp. 160]; *Commonwealth*
v. *Jacobs,* 126 Ky. 536 [104 S. W. Rep. 345; 13 L. R. A. (N. S.) 511].

Sale of twenty-three shares of gas stock was a conversion. *Thomas*
v. *Taggart,* 209 U. S. 385 [28 Sup. Ct. Rep. 519; 52 L. Ed. 845];
*Lawrence* v. *Maxwell,* 53 N. Y. 19; *Sillcocks* v. *Gallaudet,* 66 Hun 522
[21 N. Y. Supp. 552]; *Skiff* v. *Stoddard,* 63 Conn. 198 [26 Atl. Rep.
874; 28 Atl. Rep. 104; 21 L. R. A. 102]; *Richardson* v. *Shaw,* 209 U.
S. 365 [28 Sup. Ct. Rep. 512; 52 L. Ed. 835]; *Markham* v. *Jaudon,* 41
N. Y. 235; *Taussig* v. *Hart,* 58 N. Y. 425; *Gruman* v. *Smith,* 81 N. Y.
25; *Miller* v. *Miller,* 29 O. C. C. 353 (9 N. S. 315).

A bailee may be convicted of embezzlement as "agent." *Wynegar*
v. *State,* 157 Ind. 577 [62 N. E. Rep. 38].

The gas stock came into the possession of plaintiff not as pledgee,
or by virtue of his employment as pledgee but by virtue of his employ-
ment as agent. *Thomas* v. *Taggart,* 209 U. S. 385 [28 Sup. Ct. Rep.
519; 52 L. Ed. 845]; 2 Dos Passos, Stock Brokers 250, 804; May, Crim.
Law 297, Sec. 302; Hedley, Ex parte, 31 Cal. 108; *State* v. *Rue,* 72
Minn. 296 [75 N. W. Rep. 235]; *State* v. *Schilb,* 159 Mo. 130 [60 S. W.
Rep. 82]; *People* v. *Birnbaum,* 114 App. Div. 890 [100 N. Y. Supp.
160]; *Commonwealth* v. *Jacobs,* 126 Ky. 536 [104 S. W. Rep. 345;
13 L. R. A. (N. S.) 511]; *Calkins* v. *State,* 18 Ohio St. 366 [98 Am.
Dec. 121]; *Krebs* v. *Forbriger,* 10 Dec. Re. 506 (21 Bull. 313); *Henne-*

*quin* v. *Clews*, 111 U. S. 676 [4 Sup. Ct. Rep. 576; 28 L. Ed. 565];
*Chapman* v. *Forsyth*, 43 U. S. (2 How.) 202 [11 L. Ed. 236].

Intention to return money. *People* v. *Jackson*, 138 Cal. 462 [71
Pac. Rep. 566]; *People* v. *Warren*, 122 Mich. 504 [81 N. W. Rep. 360;
80 Am. St. Rep. 582]; *People* v. *Butts*, 128 Mich. 208 [87 N. W. Rep.
224]; *Rex* v. *Creed*, 1 Car. & K. 63; *Rex* v. *Jackson*, 1 Car. & K. 384;
*Rex* v. *Wottley*, Temp. & M. 636; 2 Den. C. C. 339; 5 Cox. C. C. 382;
*Commonwealth* v. *Tuckerman*, 76 Mass. (10 Gray) 173; *Commonwealth*
v. *Berry*, 99 Mass. 428; *Myers* v. *State*, 2 Circ. Dec. 712 (4 R. 570).

An error in a charge must be injurious to the party complaining;
if the record shows that it could not have prejudiced him there is no
ground for reversal. *Cricket* v. *State*, 18 Ohio St. 9; *Berry* v. *State*,
31 Ohio St. 219 [27 Am. Rep. 506]; *Courcier* v. *Graham*, 1 Ohio 330.

Mere error and exception thereto is not reason to reverse, it must
also be prejudicial. *McHugh* v. *State*, 42 Ohio St. 154; *Scovern* v.
*State*, 6 Ohio St. 288; *State* v. *Barlow*, 70 Ohio St. 363 [71 N. E. Rep.
726]; *State* v. *Ferrell*, 69 Ohio St. 521 [69 N. E. Rep. 995]; *Manson* v.
*State*, 24 Ohio St. 590; *Gandolfo* v. *State*, 11 Ohio St. 114; *Moran* v.
*State*, 5 Circ. Dec. 234 (11 R. 464).

**GIFFEN, J.**

Charles J. Buddeke was indicted and convicted under Sec. 6842
Rev. Stat., of unlawfully and fraudulently embezzling and converting
to his own use twenty-three shares of the capital stock of the Cincin-
nati Gas & Electric Co., which came into his possession and care by
virtue of his employment as agent of one George Schulte.

The record discloses that Charles J. Buddeke was a stock broker
doing business as such under the name of Charles J. Buddeke & Com-
pany. On May 4, 1907, he purchased for and on request of George
Schulte eight shares New York Central Railroad stock at 1.17—$938.
On May 9, 1907, Schulte transferred and delivered to Buddeke twenty-
five shares Cincinnati Gas & Electric stock and obtained the following
receipt:

"Cincinnati, May 9, 1907.

"Received of Geo. Schulte Ctf. No. 26968 for 23 sh. Cin. Gas &
Elec. stock as collateral on account.

"CHARLES J. BUDDEKE & Co.,
"Per T. J. COONEY."

On May 15, 1907, Buddeke purchased for Schulte ten shares New
York Central Railroad stock at 1.14—$1,142.50. On June 5, 1907, Bud-

### Buddeke v. State.

deke purchased for Schulte twenty shares Toledo Railway & Light Co. stock. On June 6, 1907, Schulte paid $132.50 on account. He never had possession of the stock but paid interest on the account and was credited with dividends on the N. Y. C. stock. On June 16, 1908, Buddeke converted the twenty-three shares of gas and electric stock to his own use.

The question to be decided is whether by so doing he was guilty of embezzlement, and the answer depends on whether or not he was acting as agent of Schulte with reference to the gas stock.

In purchasing stocks for Schulte, the broker, Buddeke, was undoubtedly acting as his agent; but that did not prevent him from assuming any other legal relation to the stocks purchased or the stock transferred as collateral, as, for example, purchaser or pledgee. If the broker has been instructed by his customer to sell the twenty-three shares of Cincinnati Gas & Electric stock and invest the proceeds in New York Central stock, but failed to do so and converted the gas stock to his own use, he would be guilty of embezzlement because he received and held the stock, until misappropriated, as the agent of his customer. So, likewise, had he received the money from the customer for a like purpose and converted it to his own use. The stock was actually received however "as collateral on account," and for no other purpose. At that time the account stood George Schulte, debtor, to eight shares New York Central stock, $938, and Charles J. Buddeke, doing business as Charles J. Buddeke & Co., was a creditor of Schulte in that amount. It was no doubt intended that the collateral stock should, and it did, cover not only the indebtedness existing at the time of the transfer but also any indebtedness subsequently incurred in the purchase of stock on Schulte's account; but aside from that the relation of debtor and creditor already existing and the gas stock being transferred to protect him in that relation, the transaction was a pledge, and the stock never was received by Buddeke as agent. The legal effect of the act and the legal relation of the parties thereto determines the capacity in which they act. When a broker advances money in purchasing stocks for and on the order of a customer, there is a promise, express or implied, to repay the same, the effect of which is to create a debt and the relation of debtor and creditor; and when the debtor delivers other stock as collateral security for the fulfillment of that promise, the creditor receives it, not by virtue of his employment as agent to purchase stocks, but by virtue of the debt created by contract, and to

secure which it was given. *Markham* v. *Jaudon*, 41 N. Y. 235; *Henne-quin* v. *Clews*, 111 U. S. 676 [4 Sup. Ct. Rep. 576; 28 L. Ed. 565].

So it was the duty of Buddeke to return the collateral stock to the owner, Schulte, when it had served the purpose for which it was pledged, and in no event to convert it fraudulently to his own use; but he cannot be held to answer for a crime when there is a failure of proof of the essential element of the offense charged. *Barber* v. *State*, 39 Ohio St. 660.

We think that the court erred in overruling the motion made at the conclusion of all the evidence to direct the jury to return a verdict for the defendant.

The judgment will be reversed and the prisoner discharged.

**Smith** and **Swing**, **JJ.**, concur.